**450**

**JOSEPH AMELAR, INC., Petitioner,**

v.

**FAR EAST CONFERENCE, AMERICAN ARBITRATION ASSOCIATION, Respondents.**

United States District Court
S. D. New York.
May 6, 1964.

Poles, Tublin & Patestides, New York City, for petitioner; John G. Poles, New York City, of counsel.

Herman Goldman, New York City, for respondents; Seymour H. Kligler, Sol. D. Bromberg, New York City, of counsel.

WEINFELD, District Judge.

Upon a careful review of the voluminous initial decisions of the hearing examiners,[1] the report of the Federal Maritime Commission dated March 27, 1964, the Congressional Reports which preceded the enactment in 1961 of subdivision 9 of section 14(b) of the Shipping Act of 1916, as amended,[2] the Court concludes that the arbitration clause contained in the dual rate contract between petitioner and respondent is valid and does not deprive the Commission of its jurisdiction.[3] The arbitration provision is permissible under section 14(b) of the Act which, after enumerating eight specific requirements which must be included in the dual rate contracts, authorizes the inclusion therein of " * * * such other provisions not inconsistent herewith as the Commission shall require or permit." The dispute which the respondent proposes to arbitrate is an ordinary one in the commercial world—a claim for damages arising out of petitioner's alleged violation of the exclusive shipping provision, it being contended that petitioner shipped on nonconference lines. It is difficult to see how this claim, if determined by the ar-

1. Decision by Panel of Presiding Examiners, Dual Rate Contracts, 1963—Adjudication of Major Issues, December 3, 1963; Decision of Walter T. Southworth on Docket Nos. 1005, 1023, 1031, and 1050, November 19, 1963; and Decision of E. Robert Seaver on Docket Nos. 1033, 1034, 1037 and 1039, October 2, 1963.

2. 75 Stat. 762–63 (1961), 46 U.S.C. § 813a (Supp. IV, 1959–62). See S.Rep. No. 860, 87th Cong., 1st Sess. (1961); H.R.Rep. No. 498, 87th Cong., 1st Sess. (1961).

3. Cf. In the Matter of Pasch, 26 Misc.2d 925, 210 N.Y.S.2d 738 (1960), aff'd, 13 App.Div.2d 470, 214 N.Y.S.2d 644 (1st Dep't 1961); In the Matter of Pasch, 26 Misc.2d 918, 209 N.Y.S.2d 191 (1960) aff'd, 13 App.Div.2d 470, 214 N.Y.S.2d 644 (1st Dep't 1961). These cases, where arbitration of disputes arising under dual rate agreements was compelled, were not only brought to the attention of the House committee considering the 1961 amendment to the Shipping Act, Hearings before Special Subcommittee on Steamship Conferences of the Committee on Merchant Marine and Fisheries, House of Representatives, 87th Cong., 1st Sess. 308–09 (1961), but were actually incorporated into the Record, id. at 310–12, 313–16. Nothing in the legislation enacted even remotely suggests that these cases were to be overturned.

bitral method, trenches upon the jurisdiction of the Commission. The provision is substantially similar to the contract form approved by the Commission on March 27, 1964. It is true the instant clause does not include the final sentence of the approved form, to wit, "Nothing herein shall deprive the Federal Maritime Commission of its jurisdiction"; however, the subject matter of the claim here presented in no respect involves the Commission's jurisdiction. Wilko v. Swan,[4] strongly pressed by petitioner, upon its facts and the applicable statute therein considered, is entirely inapposite.

The record submitted from the Maritime Commission indicates, contrary to petitioner's allegation, that the dual contract was timely filed with the Commission.

The motion to enjoin arbitration is denied.

4. 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953).